## Evans v. Evans

*Benjamin Goldman,* for plaintiff.

*A. R. Newlin, Jr.,* for defendant.

GRIFFITHS, J., April 10, 1963.—This matter is before the court on plaintiff's petition and rule to show cause why property rights should not be disposed of and determined under the Divorce Code of May 2, 1929, P. L. 1237, as amended by the Act of December 30, 1959, P. L. 2055, 23 PS §15.

The parties were divorced in this court by decree dated December 13, 1962, and this petition is filed to the same court, term and number.

The Act of 1959 provides, in section 15, subsection 3, that the courts of common pleas "may consolidate and determine in one action, including the divorce action" certain property rights and interests between the spouses and any other matters pertaining to such marriage and divorce "authorized by law and which may be expeditiously determined in such action."

On June 2, 1960, the board of judges of common pleas courts of this district considered this act and noted that the act provided the courts "may" consolidate and determine in one action property rights as well as the divorce, such being permissive and not mandatory. The board of judges also noted that only *after* divorce can partition of property *formerly* held by husband and wife as tenants by entireties be made under the Act of May 17, 1949, P. L. 1394, 68 PS §501-504. The board of judges resolved, at the time, that it is desirable to continue the long standing practice of separate proceedings and that the actions should not be consolidated into one. Certainly this seems to be the preferred procedure, as, if the property rights were litigated in the divorce action, the determination of such property rights would become moot if the divorce were denied.

Accordingly, the above referred to petition to determine property rights and interest under the Divorce Code is dismissed.